OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to the Appellate Division, Fourth Department, for determination of the facts in accordance *776 with CPL 470.40 (subd 2, par [b]) and 470.25 (subd 2, par [d]) and for consideration of the other issues not reached by that court.
As the dissenters below held (see 96 AD2d 728) there could be a finding on this record that defendant knowingly and intelligently waived his right to counsel and that County Court could properly permit him to proceed pro se (see Faretta v California, 422 US 806). Regardless of his lack of expertise and the rashness of his choice, defendant could choose to waive counsel if he did so knowingly and voluntarily (see Faretta v California, supra; People v Landy, 59 NY2d 369, 377; People v McIntyre, 36 NY2d 10, 17). A criminal defendant is entitled to be master of his own fate and “respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice ‘with eyes open’ ” (United States ex rel. Maldonado v Denno, 348 F2d 12, 15). Once defendant elected to waive counsel, the only obligation of the court was to insure that he was aware of the dangers and disadvantages of self-representation before allowing him to proceed (Faretta v California, supra, p 835; People v McIntyre, supra).
There can be little doubt that the court did so here. It determined that defendant was an adult who had been involved in the criminal process before, that he had a lawyer with whom he had discussed his decision, who advised against it and who was available as standby counsel throughout the trial. The court warned defendant forcefully that he did not have the training or knowledge to defend himself, that others who had done so had been unsuccessful and that if he insisted upon appearing pro se he would be held to the same standards of procedure as would an attorney. Defendant nevertheless insisted on proceeding pro se and on this record there was a sufficient showing that his decision was knowing and voluntary.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.