■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDWARD REIFSTECK, Appellant.—Judgment unanimously affirmed. Memorandum: Although the trial court did not conduct a formal inquiry of defendant's age, experience, education and knowledge of the hazards of *pro se* representation *(see, People v Kaltenbach,* 60 NY2d 797, 799; *People v Williams,* 96 AD2d 740), our review of the record reveals that defendant was 35 years old with a 20-year criminal record including a prior felony; that he had a thorough understanding of the criminal justice system and of the rights and remedies available to him; that he was articulate in advancing his legal arguments and was firm in his decision to represent himself. Indeed, the fact that he made a knowing determination to represent himself at pretrial proceedings and at trial is borne out by the fact that, during the colloquy after the jury verdict, defendant requested that counsel be assigned to advise him at a possible hearing on a second felony information because he was "not totally familiar with those aspects." The manner in which defendant represented himself at the trial and in pretrial proceedings also supports a finding that he

knowingly and intelligently waived his right to counsel *(see, People v Vivenzio,* 62 NY2d 775; *cf., People v Williams, supra).*

We have considered the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Ontario County Court, Contiguglia, J.—criminal possession of stolen property, second degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.