■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDWARDS, Also Known as MUHAMMED AMIN, Appellant. Memorandum: On appeal from his conviction of grand larceny in the third degree, defendant contends that the court erred in permitting him to proceed *pro se;* that the court erred in failing to announce, prior to summation, the counts it would submit to the jury; and that defendant was denied a fair trial by the denial by a prosecution witness that he had received consideration in exchange for his testimony.

The court must conduct a searching inquiry into a defendant's understanding of his right to be represented by counsel before permitting him to proceed *pro se (Faretta v California,* 422 US 806, 835; *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). The focus of such inquiry is to ascertain if defendant appreciates the "dangers and disadvantages" of relinquishing his fundamental right to counsel and representing himself *(People v Vivenzio,* 62 NY2d 775, 776; *People v Sawyer, supra).* Here, the "searching inquiry" was not placed on the record contemporaneously with the pretrial colloquy but was subsequently reconstructed by the court and placed on the record after trial. Although it is preferable that the requisite colloquy be recorded verbatim the court's subsequent reconstruction of its conversation with defendant, acquiesced in by defendant, is sufficient to provide us with a basis for

concluding that defendant was aware of the advantages of counsel and disadvantages of proceeding *pro se.* In any event, the record reveals objective signs that defendant was fully cognizant of that right and knowingly waived it *(see, People v Reifsteck,* 134 AD2d 876; *People v Whitted,* 113 AD2d 454, 458-459). Defendant's age, experience, education, prior exposure to the criminal justice system, firmness in his decision to represent himself, and performance in representing himself all indicate a knowing waiver *(People v Reifsteck, supra; People v Knatz,* 128 AD2d 896, 897-898; *People v Whitted, supra).* Defendant was 39 years old at the time of trial and has a criminal record stretching back over 20 years. His numerous convictions include several felonies. He indicated on the record that he had been through trials before and, in fact, had recently concluded one in a robbery prosecution. Defendant obviously "had a thorough understanding of the criminal justice system and of the rights and remedies available to him" *(People v Reifsteck, supra).* Defendant repeatedly stated that he wanted to represent himself and resisted attempts to dissuade him. Finally, defendant's performance as his own attorney evinced more than a passing acquaintance with trial procedures and tactics.

Defendant's accomplice testified for the prosecution and, upon cross-examination by defendant, denied that the People had offered a deal in exchange for his testimony against defendant. Following the witness's testimony, the Assistant District Attorney expressly informed the jury that the People had promised the witness "in exchange for his testimony in this matter that we would not prosecute him on the grand larceny charge." The prosecutor fulfilled his obligation of candid disclosure by immediately correcting the witness's misstatement and revealing an explicit agreement not to prosecute him in exchange for his testimony *(People v Piazza,* 48 NY2d 151, 162-163; *People v Cwikla,* 46 NY2d 434, 441-442).

CPL 300.10 (4) requires that the court inform defendant, prior to summation, which counts it will submit to the jury. Here, the court failed to inform defendant prior to summation the counts it would submit, but ultimately submitted only those counts charged in the indictment, third degree grand larceny and petit larceny. Defendant now contends that the court erred in failing to announce that it would submit petit larceny to the jury. We find the court's error in this regard to be harmless. In the circumstances of this case, we fail to see how defendant's summation "would have been affected by

knowledge that the petit larceny charge would be submitted to the jury" *(People v Miller,* 70 NY2d 903, 907). Defendant's summation focused on the improbability that he committed the crime. Thus, it is unlikely that he would have argued the insufficiency of proof of value even if he had known that petit larceny would be charged. Such argument probably would have been unavailing in any event, since there was no reasonable view of the evidence that would support a conviction for petit larceny but not grand larceny. (Appeal from judgment of Onondaga County Court, Burke, J.—grand larceny, third degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.