■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 5, 1987, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the record fails to establish that the trial court undertook the searching inquiry necessary to support a determination that his decision to represent himself at trial was a competent, intelligent and voluntary relinquishment of his right to counsel *(see, People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). A "careful and realistic" reading of the record, however, supports the conclusion that the defendant's decision to proceed *pro se* was a knowing and intelligent one *(People v Whitted,* 113 AD2d 454, 455; *People v Vivenzio,* 62 NY2d 775; *People v Reifsteck,* 134 AD2d 876). In this regard it is significant to note that the defendant was 47 years of age, had been arrested on five or six previous occasions and convicted of at least one felony, and had been found by court-appointed psychiatrists to be articulate and knowledgable about court proceedings *(see, People v Vivenzio, supra; People v McIntyre,* 36 NY2d 10). He was sufficiently comfortable with legal procedures to make repeated applications to the court for the production of discovery material and the issuance of judicial subpoenas *(cf., People v Whitted, supra,* at 458). The defendant also had an opportunity to observe the quality of representation provided by his attorney at a pretrial suppression hearing, was advised of his attorney's competence, and was warned that his case would be tried like any other case and that no concessions would be made because he was representing himself *(see, People v Vivenzio, supra; People v Whitted, supra).* The trial court additionally warned him that the proposed defense which he repeatedly insisted upon pursuing was ill-advised. Finally, the record further establishes that the defendant had a court-appointed lawyer with whom he had discussed his decision, who advised him of the hazards of self-representation, and who substantially assisted him throughout trial *(see, People v Vivenzio,* 62 NY2d 775, *supra).* The defendant nevertheless

adhered to his decision to proceed *pro se,* and therefore as the Court of Appeals stated in *People v Vivenzio (supra,* at 776) " 'respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice "with eyes open" ' " (quoting from *United States ex rel. Maldonado v Denno,* 348 F2d 12, 15).

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15).

We have considered the contention raised in the defendant's supplemental *pro se* brief and find it to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.