■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JIMMY BYRD, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), rendered March 28, 1988, by which defendant was convicted, after a jury trial, of bribery in the third degree and sentenced to a term of 3 to 6 years in prison, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, and the matter is remanded for a new trial.

The main issues to be determined by the jury on the trial of this indictment were raised by defendant's affirmative defense of entrapment (Penal Law § 40.05; *People v McGee,* 49 NY2d 48, *cert denied* 446 US 942), as to which he bore the burden of proof by a preponderance of the evidence (Penal Law § 25.00 [2]).

To establish the defense of entrapment a defendant must prove two separate elements: first, that the police or other public servant actively induced or encouraged the commission of a crime *(People v Thompson,* 47 NY2d 940; *People v Sundholm,* 58 AD2d 224, 227); second, that the inducements or encouragements used by the officer created a substantial risk that the offense would be committed by a person not otherwise disposed to commit it. On the second element of the defense (absence of predisposition to commit the crime) the trial court instructed the jury in its main charge as follows: "The purpose of the defense of entrapment is to prevent the conviction of persons who, although not criminals or predisposed to become criminals nevertheless commit a crime because induced or encouraged to do so by pressure exerted by the police."

This instruction could only leave the jury with the impression that the entrapment defense was only available to "noncriminals", an impression that could have only been reenforced by a further instruction given by the court in response to a jury inquiry as follows: "Having a predisposition can be compared to having a fertile soil ready for seed to be planted."

The combined impact of these instructions was highly prejudicial to defendant and deprived him of a fair trial, inasmuch as the prosecutor stressed both during trial and summation that defendant was a "successful" pimp and parole violator who would therefore be predisposed to bribe his way out of

trouble. Such proof of criminality was, of course, competent on the predisposition issue raised by the entrapment defense *(People v Calvano,* 30 NY2d 199, 205), but defendant's prior and present criminal life was only one of several factors that the jury was bound to weigh. The flaw in the cited instructions was, essentially, to strip defendant of the benefit of the defense as a matter of law. On the contrary, here a fair jury question was presented. This case is similar to *People v Yore* (36 AD2d 818), where a lawyer was tried for payment of a $75 bribe to a police officer witness. The trial court charged that the availability of the entrapment defense was to discourage the "use of overzealous methods of law enforcement officials to trap the unwary innocent." On appeal, the Second Department viewed this formulation as erroneous and observed *(supra):* "The defense is available to all defendants and is not limited to the 'unwary innocent' ".

We are aware that defendant took no exception to either the main or supplemental charge, but we are compelled to reverse here in the interest of justice. A tape recording of a conversation between defendant and the police witnesses, received in evidence, tended strongly to support defendant's contention that a monetary bribe was actively induced and encouraged by the police, and that defendant's initial reluctance to offer more than his services as an informer was overborne by police pressure. While the police conduct here did not reach an unacceptable level as a matter of law *(cf., People v Isaacson,* 44 NY2d 511), this was a close case where erroneous jury instructions could have unfairly tipped the scales against defendant.

Accordingly, we reverse the conviction and remand for a new trial. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.