■ RADHA KALRA, Respondent, v RAMESH KALRA, Appellant.—In an action for divorce and ancillary relief which was consolidated with a related action, *inter alia,* to recover damages for malicious prosecution, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (Zelman, J.), dated September 14, 1988, as denied his cross

motion for various relief against his attorney, who had moved to be relieved as his counsel of record, (2) so much of an order of the same court, dated November 7, 1988, as granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404, (3) so much of an order of the Supreme Court, Queens County (Ambrosio, J.), dated January 17, 1989, as denied his cross motion to dismiss the action on the grounds of res judicata and collateral estoppel, (4) a judgment of the same court, dated March 27, 1989 which granted the parties a divorce upon an open-court stipulation of settlement, and (5) so much of an order of the same court dated April 3, 1989, as denied his motion to set aside the stipulation of settlement.

Ordered that the appeal from the judgment is dismissed; and it is further,

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the judgment must be dismissed because the judgment was entered upon the stipulation of the parties *(see, Katz v Katz,* 68 AD2d 536).

The defendant proceeded *pro se* at the trial of this action. His claim on appeal that he should not have been permitted to enter into an open court stipulation of settlement without representation by counsel is not supported by the record. The record clearly indicates that he knowingly and intelligently opted to proceed *pro se* and had discharged his prior counsel *(see,* CPLR 321), against the strong advice of the Trial Justice to retain him. In fact the Trial Justice had denied counsel's repeated requests to withdraw as the defendant's attorney of record.

Furthermore, it is well established that a party is entitled to self-representation *(see,* CPLR 321; *People v McIntyre,* 36 NY2d 10). The defendant, a 44-year-old, well-educated professional engineer, who has knowledge of court procedures, and has brought numerous *pro se* motions and appeals, knowingly and intelligently waived his right to counsel *(see, People v Miley,* 154 AD2d 559), and the stipulation of settlement was fair in every respect *(see, Tesoriero v Tesoriero,* 114 AD2d 1027; *see also, Russo v Probber,* 135 AD2d 702). Therefore, the defendant was properly permitted to proceed *pro se* and he "may not now be heard to complain that he was prejudiced as a result thereof" *(Tesoriero v Tesoriero, supra,* at 1027).

We have reviewed the defendant's remaining contentions

and find them to be without merit. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.