■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ELLIS, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered July 7, 1988, convicting defendant, upon a jury verdict, of grand larceny in the fourth degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from two to four years, unanimously reversed, on the law, and a new trial is ordered.

We agree with defendant that the court's erroneous instruction on the entrapment defense, in addition to the improper comments of the prosecutor during summation, deprived him of a fair trial. Accordingly, a new trial is ordered.

In instructing the jury on the entrapment defense, the court stated, over defense counsel's objection, that "[t]he purpose of the defense of entrapment is to prevent the conviction of persons who although not criminals or predisposed to commit a crime, nevertheless, commit a crime because induced or encouraged to do so by pressure exerted by the police." The court defined "predisposition" as the "key word in the second element where the proof establishes that the defendant had no predisposition; this is to say no previous intent or purpose to commit the crime charged and would never have done so except for the active inducement, encouragement of the police officers."

While the People now contend that defendant was never entitled to an entrapment charge, the prosecutor did not object to the court providing the jury with such instruction. The instruction provided, however, could only leave the jury with the impression that the entrapment defense was unavailable to defendant, who freely admitted to having previously been convicted of a crime *(see, People v Byrd,* 155 AD2d 350). The court's equation of "never" having the purpose of commit-

ting a crime with "lack of predisposition" also reinforced the erroneous impression that individuals with a criminal record could not be entrapped. *(People v Yore,* 36 AD2d 818.)

As in *Byrd (supra),* the instruction provided deprived defendant of a fair trial, inasmuch as the prosecutor stressed both during trial and summation that defendant had a prior grand larceny and robbery conviction and would therefore be predisposed to stealing someone's wallet as alleged. While such proof of criminality is competent on the predisposition issue raised by the entrapment defense, defendant's criminal record was only one factor to be considered by the jury *(People v Byrd, supra).* The instruction provided essentially precluded defendant from asserting the defense which he was legally entitled to raise.

In ordering a new trial, we admonish the prosecutor to remain within the bounds of fair comment during summation and to refrain from suggesting that defendant has an affirmative obligation to refute the decoy officers' denials that allegations made against them were untrue by offering extrinsic proof. Her further remarks analogizing defense counsel's attacks on the officers' credibility to allegations made against citizens during the McCarthy era clearly exceeded fair comment by denigrating defense counsel and arousing sympathy for the police *(see, People v Thompson,* 161 AD2d 236; *People v Hicks,* 102 AD2d 173). Additional comments with regard to the decrease in arrests after the decoy team was disbanded also came close to constituting the often condemned "safe streets" argument *(see, People v Waters,* 111 AD2d 887). Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.