■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN THOMAS, Also Known as ALLEN THOMAS, Appellant.— Judgment, Supreme Court, New York County (Ira Beal, J.), rendered January 24, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to a term of 4½ to 9 years, unanimously reversed, on the law and the facts, and the case remanded for a new trial.

Defendant was convicted of the sale of "crack" cocaine to an undercover police officer on July 1, 1988. He was arrested almost immediately in a "buy and bust" operation. Defendant, a 27 year old man addicted to "crack" cocaine, asserted that he was entrapped by the police who lured him into selling crack for the only time in his life. He further stated that he had sold marijuana in the past but avoided selling cocaine because of the greater penalties.

In its charge to the jury on the affirmative defense of entrapment (see, Penal Law § 40.05) the court stated:

"In general, the purpose of the defense of entrapment is to prevent the conviction of people who, *although not criminals, or not predisposed to become criminals,* nevertheless commit a crime because they were induced or encouraged to do so by pressure exerted by the police.

"It was never intended, under our law, that the police should enforce the criminal law by entrapping otherwise innocent persons, who are not disposed to break the law, to commit crimes." (Emphasis supplied.)

The assertion that the defense was available only to persons who were "not criminals" was error. (*People v Byrd,* 155 AD2d 350 [1989].) The error was compounded because the court, in its charge on credibility, referred to the fact that defendant "has been previously convicted of other similar crimes." This

charge led the jury to believe that the defense was available only to someone who had no criminal record.

Accordingly, a new trial is required. Concur—Rosenberger, J. P., Wallach, Kupferman and Smith, JJ.