■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTOBAL CALDERON, Appellant. [607 NYS2d 785] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's argument on appeal, the court's charge did not state or imply that the defense of entrapment was available only to innocent persons or that it was foreclosed to those, such as defendant, who previously had committed crimes. Pursuant to defendant's request, the court excised that portion of the model charge that has been held to convey that impression (see, People v Ellis, 171 AD2d 619, lv denied 78 NY2d 922; People v Byrd, 155 AD2d 350). Defendant's requested charge would not have rectified the alleged deficiency because it did not address, either explicitly or implicitly, whether the defense of entrapment is available to a defendant who has committed prior crimes. Defendant's requested charge would have added nothing to the charge given by the court, which repeatedly accurately stated that the defense of entrapment prevents conviction of a defendant who was not predisposed to commit the crime but was pressured into doing so by the police. (Appeal from Judgment of Monroe County Court, Wisner, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.