(May 26, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD CARELOCK, Appellant. [612 NYS2d 142] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered March 10, 1993, by which defendant was convicted, after a jury trial, of attempted robbery in the third degree and sentenced to a term of two to four years in prison, unanimously reversed, on the law and the facts, and the matter remanded for a new trial.

During a colloquy, which occurred after the completion of defendant's pre-trial *Huntley* hearing but prior to defendant's *Sandoval* hearing, the defendant requested that he be assigned a new attorney to defend him. He submitted a notarized list of fifteen reasons for the request. The trial court advised the defendant at length as to its confidence in the attorney then representing him and denied his application. In reply, defendant advised the court, *inter alia,* that counsel told him that the system was against him. Defendant then said that he would prefer to represent himself; in effect this was a separate application to proceed *pro se.*

The law in this area is clear and the procedure to be followed by the court upon a request by a criminal defendant to proceed *pro se* is well delineated. "When confronted with an election to proceed *pro se,* the court's only function is to ensure that the defendant is acting knowingly and voluntarily, that is, that the defendant is aware of the disadvantages and risks of waiving his right to counsel" *(People v Schoolfield,* 196 AD2d 111, 115, citing *People v Vivenzio,* 62 NY2d 775; *Faretta v California,* 422 US 806, 835). In this case just as in *People v Ryan* (82 NY2d 497) the trial court, rather than conduct the requisite inquiry into defendant's knowledge and voluntariness, denied the defendant's request for his own "protection". While the court instructed the defendant at

length as to its reasons for its determination, the denial however well intentioned was improper. In *People v Ryan (supra,* at 507) it was stated that "[a]lthough the trial court in the present case perceived defendant's legal skills to be wanting, and therefore denied the motion for defendant's 'own protection', that was not a proper ground for decision". Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.