■ The People of the State of New York, Respondent, v Jimmie Latimer, Appellant. [632 NYS2d 12] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered July 31, 1991, convicting defendant, upon his plea of guilty, of assault in the second degree, and, after a probation revocation hearing, resentencing him to a term of 1 to 3 years, unanimously affirmed.

There is no merit to defendant's claim that the trial court effectively denied his right to proceed *pro se* at his probation revocation hearing by coercing him into accepting counsel he did not want. The court's warnings to defendant that he who proceeded as his own counsel had a fool for a client, and that defendant would be strictly held to the rules of evidence, were proper attempts to make defendant aware of the dangers of representing himself, as were the other efforts by the court to insure that the waiver of counsel was knowing, voluntary and unequivocal (*see, People v Vivenzio*, 62 NY2d 775, 776; *People v McIntyre*, 36 NY2d 10, 17). Defendant's ultimate decision not to represent himself was made after the court had granted him permission to do so, and thus could only have been the result of the consultation defendant had with his legal advisor during a recess, rather than any coercion by the court. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.