Third Department, July, 1996

(July 3, 1996)

■ The People of the State of New York, Respondent, v Ivan M. Pickens, Also Known as Kamel, Appellant. [645 NYS2d 559] —Peters, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 1, 1993, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant is charged with robbing Anthony Haggray of a gold chain at gunpoint on October 31, 1990 while he was standing on the street in the City of Albany. Haggray reported this incident to the police a few days later, which resulted in defendant's arrest on November 26, 1990 and ultimate conviction by a jury of the crime of robbery in the second degree. Upon the denial of defendant's motion, after hearing, to set aside the verdict *(see,* CPL 30.30), defendant was sentenced as a second felony offender to an indeterminate term of imprisonment of 7$^1$/$_2$ to 15 years.

When this matter was previously before us (216 AD2d 631), we determined that in order to review defendant's ineffective assistance of counsel and speedy trial contentions, a remittal was necessary for County Court to conduct a hearing to determine whether the time accruing as a result of City Court's adjournment of a preliminary hearing from December 3, 1990 to December 10, 1990 was chargeable to the People. With the hearing having been conducted to address this issue, we can now effectively review defendant's contentions. Upon our review of the hearing record, we agree with County Court that the People properly demonstrated that the one-week period was excludable and not properly chargeable to them since it was made at defendant's request *(see, People v Meierdiercks,* 68 NY2d 613; *People v Fenick,* 182 AD2d 895). Upon such finding and in light of the fact that defendant was arraigned on May

28, 1991, both defendant's speedy trial claim and his contention that he was denied the effective assistance of counsel due to a failure to move to dismiss the indictment are meritless.

Further, upon reviewing contentions stemming from an ineffective assistance of counsel claim, we find the record to reflect that although defendant had represented to County Court that he retained private counsel prior to the commencement of trial, when two adjournments were granted due to the failure of such counsel to appear, the court unsuccessfully offered representation by the Public Defender. After much colloquy with defendant at two separate appearances, County Court acceded to defendant's request to waive counsel and proceed *pro se* on the condition that standby counsel remain present. Defendant now remarkably contends that he was denied the effective assistance of counsel as a result of his self-representation and that his waiver of counsel was neither knowingly nor voluntarily made.

As the Court of Appeals stated in *People v Vivenzio* (62 NY2d 775, 776): "A criminal defendant is entitled to be master of his own fate and 'respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice "with eyes open" ' * * *. Once defendant elected to waive counsel, the only obligation of the court was to insure that he was aware of the dangers and disadvantages of self-representation before allowing him to proceed" (quoting *United States ex rel. Maldonado v Denno*, 348 F2d 12, 15, and citing *Faretta v California*, 422 US 806; *People v McIntyre*, 36 NY2d 10). Upon our review, we find that County Court properly ensured that defendant was aware of the dangers and disadvantages of self-representation before it allowed him to proceed *pro se* (*see, People v Simmons*, 182 AD2d 1018). Although it neither inquired into defendant's knowledge of legal principles nor his prior experience with the criminal justice system, the record was clear that defendant had a prior felony conviction and two misdemeanor convictions (*see, People v Edwards*, 140 AD2d 959, *lvs denied* 72 NY2d 918, 1045; *People v Reifsteck*, 134 AD2d 876, *lv denied* 70 NY2d 1010). Since most criminal defendants lack proper legal training, for us "[t]o accept a defendant's lack of knowledge of legal principles and rules of law or his unfamiliarity with courtroom procedures as the ground for concluding that he is not qualified to represent himself would * * * be to eviscerate the constitutional right of self-representation" (*People v Davis*, 49 NY2d 114, 120).

Defendant further alleges that three different conflicts of

interest effectively deprived him of a fair trial. At the time of his arrest and while he was initially represented by the Public Defender, defendant contends that the Public Defender also represented William Morse, the victim's cousin and one of the eyewitnesses who testified against him. Defendant then asserts the existence of a conflict when an associate with one of the private law firms which represented him for a short pretrial period appeared at trial on behalf of the victim and advised him during the course of his testimony against defendant. Finally, defendant alleges a conflict in his prosecution by the District Attorney, who was also prosecuting the victim as well as the other eyewitness to the crime for other offenses. Upon our review, we find that as to each separate alleged conflict, defendant has failed to demonstrate a significant possibility that any such conflict bore a substantial relationship to the conduct of his defense (*see, People v Recupero*, 73 NY2d 877; *People v Alicea*, 61 NY2d 23; *People v Dakin*, 199 AD2d 407, *lv denied* 82 NY2d 923).

Similarly unavailing is defendant's argument concerning prosecutorial misconduct both during trial and on summation. Mindful that at no time did defendant interpose any objection to statements made by the prosecutor on summation, he still contends, relying upon *People v Dowdell* (88 AD2d 239), that the cumulative effect of these errors deprived him of a fair trial. In light of defendant's summation, which included not just comment upon the facts but also improper characterization of both the law and the People's witnesses, we find the People's summation proper (*see, People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). Notwithstanding prosecutorial error in espousing, *inter alia*, the often-condemned "safe streets" argument (*see, People v Ellis*, 171 AD2d 619, *lv denied* 78 NY2d 922; *People v Waters*, 111 AD2d 887), "[u]nder the circumstances of this case, in which the evidence adduced cannot be characterized as anything less than overwhelming, we are not disposed to exercise our interests of justice jurisdiction" (*People v Michael*, 152 AD2d 752, 753, *lvs denied* 74 NY2d 898, 950; *see, People v Patterson*, 88 AD2d 694, *affd* 59 NY2d 794). We note, however, that since County Court's charge to the jury included, *inter alia*, appropriate instruction concerning the burden of proof, had we ruled upon these allegations we would find the error, if any, to be harmless (*see, People v Crimmins*, 36 NY2d 230, 243).

Since all remaining issues raised have been examined and found unpersuasive, we affirm the judgment of conviction in its entirety.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.