■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUNTER, Appellant. [655 NYS2d 405] —Appeal by the de-

fendant from a judgment of the County Court,. Nassau County (Seybert, J.), rendered July 21, 1993, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly refused to suppress the identification testimony of the complainant, since the showup which was conducted was part of a single, rapidly-unfolding sequence of events, was spatially and temporally proximate to the crime, and was not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541; *People v Hicks*, 68 NY2d 234; *People v Love*, 57 NY2d 1023; *People v Padilla*, 219 AD2d 688). Under the circumstances, the use of a showup was not improper (*see, e.g., People v Sturgis*, 199 AD2d 549; *People v Byrd*, 163 AD2d 407).

The written jury waiver form executed by the defendant, and his statements on the record adequately demonstrate that the defendant's waiver of his right to a jury trial was knowingly, intelligently, and voluntarily made (*see, People v Livingston*, 184 AD2d 529). The defendant also made a knowing and informed decision to proceed *pro se*, and his decision to waive his right to counsel was effective (*see, People v Vivenzio*, 62 NY2d 775; *People v Miley*, 154 AD2d 559). The court did not improvidently exercise its discretion in granting the defendant's application to proceed *pro se* after the commencement of the trial (*see, People v McIntyre*, 36 NY2d 10; *see also, Faretta v California*, 422 US 806).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.