■ The People of the State of New York, Respondent, v Steven Marshall, Appellant. [671 NYS2d 858] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 28, 1997, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was indicted for promoting prison contraband in the first degree after a razor blade was found on his person while he was an inmate at Elmira Correctional Facility in Chemung County. At his arraignment, after defendant advised County Court that he wished to retain his own counsel and that he did not want to be represented by court-appointed counsel, he was given two weeks to get his own attorney. During his next appearance defendant advised County Court that he was having difficulty accessing a telephone, but that he still wished to retain counsel; again, the matter was adjourned to accommodate defendant. At defendant's third appearance, County Court appointed counsel to assist defendant in retaining counsel or in going forward with the indictment; it was eventually determined that the attorney who defendant wished to retain would be unable to represent him because he was with the Legal Aid Society in New York City. Defendant then expressed a preference to proceed *pro se*, but agreed to the standby counsel's assistance; the court advised defendant of the disadvantages of proceeding *pro se* and cautioned against it.

During the course of the proceedings leading up to the trial, defendant clearly articulated his awareness that he was up against the experience and resources of the prosecutor in stating, "I feel that I'm quite capable, with all due respect to the District Attorney's office, to handle this pro se." Defendant turned down a plea offer and proceeded to address pretrial motions; County Court once again reminded defendant that he was at a disadvantage by proceeding *pro se*. At this point, defendant asserted his constitutional right to proceed on his own. Following trial, the jury found defendant guilty of promoting prison contraband in the first degree. County Court sentenced defendant as a second felony offender to an indeterminate term of imprisonment of 2½ to 5 years to run consecutively with his current term of imprisonment. Defendant appeals.

We affirm. We reject defendant's contention that he was denied effective assistance of counsel because County Court failed to conduct a searching inquiry into his decision to proceed *pro se* and to inquire as to why he had not retained counsel. It is well settled that "[a] criminal defendant may be permitted to proceed *pro se* if the request is timely and unequivocal, [and] there has been a knowing and intelligent waiver of the right to counsel" (*People v Ryan*, 82 NY2d 497, 507). "A criminal defendant is entitled to be master of his own fate and 'respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice "with eyes open" ' " (*People v Vivenzio*, 62 NY2d 775, 776, quoting *United States ex rel. Maldonado v Denno*, 348 F2d 12, 15; *see, People v Pickens*, 229 AD2d 607, 608, *lvs denied* 89 NY2d 865, 866).

Here, the record reveals numerous colloquies between County Court and defendant wherein the court pointedly questioned defendant about his request to proceed *pro se* and further, admonished defendant about the disadvantages of his decision. Defendant had the benefit of standby counsel throughout the proceedings and, notably, had prior experience with the criminal justice system (*see, People v Pickens, supra*). Accordingly, we conclude that the court fulfilled its obligation of insuring that defendant was aware of the dangers and disadvantages of proceeding *pro se* (*see, People v Vivenzio, supra; People v Barnwell*, 227 AD2d 664) and that defendant proceeded as he did at his own peril, fully aware of the consequences of his chosen course.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.