■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MISSRIE, Appellant. [751 NYS2d 16] —Judgment, Supreme Court, New York County (James Yates, J.), rendered December 2, 1999, convicting defendant, after a jury trial, of conspiracy in the second degree and attempted kidnaping in the first degree, and sentencing him to concurrent terms of from 8 to 16 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was tried on charges of conspiracy in the second degree and attempted kidnaping in the first degree stemming from conversations he had with an informant for the District Attorney's office about kidnaping the widow of one Victor Azrak to induce her son Ruben to pay defendant a sum of money he believed Victor Azrak owed him. At the trial, defendant asserted the affirmative defense of entrapment (*see* Penal Law § 40.05 ["that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by * * * a person acting in cooperation with a public servant, seeking to obtain evidence against him for purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it"]). The question this defense raised for the jury was whether defendant was predisposed or was induced to attempt to kidnap Adele Azrak (*see People v McGee*, 49 NY2d 48, 61, *cert denied sub nom. Waters v New York*, 446 US 942), and on this question defendant bore the burden of proof by a preponderance of the evidence (Penal Law § 25.00 [2]).

Having earlier agreed in conference with counsel to read "the CJI" charge, the court instructed the jury as follows: "In general the purpose of the defense of entrapment is to prevent

a conviction of persons who although not criminals or predisposed to become criminals, nevertheless commit a crime because induced or encouraged to do so by pressure exerted by the police or people acting in cooperation with them." Counsel objected to this instruction on the ground that "it suggests that someone who is a criminal is not entitled to an entrapment defense. And a juror might infer because Isaac Missrie is a convicted felon, which he is, that he is a criminal and, therefore, not entitled to an entrapment defense."

The court responded that the "although not criminals" phrase was a "general purpose clause" in the language of the CJI but that "[a]ctually, because of my concern about the CJI language there, you'll notice that I went to elaborate pains at three or four points in the charge to be specific that they should apply the predisposition test to whether or not he was predisposed to commit the two specified crimes in the indictment. I went out of my way to, specifically, list them for that very reason. I think that's taken care of." Nevertheless, after counsel objected again to the inclusion of the phrase, the court agreed to delete it if the jury asked to hear the charge again.

The jury did ask that the charge be re-read and the court read it as follows: "[T]he purpose of the defense of entrapment is to prevent a conviction of persons who although not criminals or predisposed—excuse me. Who although not predisposed to commit attempted kidnaping in the first degree or not predisposed to committing conspiracy in the second degree, may nevertheless have committed the crime of kidnaping in the first degree or conspiracy in the second degree because induced or encouraged to do so by pressure exerted by the police or by a person acting in cooperation with the police."

Defendant's claim that the court's erroneous instruction on the entrapment defense deprived him of a fair trial was sufficiently preserved (see CPL 470.05 [2]) and is meritorious. Accordingly, a new trial is ordered.

We have held that the inclusion of the "although not criminals" phrase in a charge on the entrapment defense leaves the jury with the erroneous impression that the defense is available to "non-criminals" only and thus strips a defendant with a criminal record of the benefit of the defense as a matter of law (People v Byrd, 155 AD2d 350, 350-351). In addition, contrary to the court's statements in response to defendant's objection and in denial of defendant's motion to set aside the verdict, the CJI charge on the entrapment defense does not contain the "although not criminals" phrase. That phrase was deleted from the former CJI charge in 1991, pursuant to People v Byrd (supra).

The People concede that this Court has disapproved of the use of the "although not criminals" phrase (*see People v Thomas*, 175 AD2d 717, *lv denied* 78 NY2d 1130; *People v Ellis*, 171 AD2d 619, *lv denied* 78 NY2d 922; *People v Byrd, supra*). However, echoing the justification advanced by the court for including that phrase despite its own misgivings, they contend that, viewed as a whole, the charge conveyed the appropriate legal principle, i.e., that it properly instructed the jury that defendant was entitled to the entrapment defense unless he was predisposed to commit the two particular offenses charged in the indictment and, conversely, did not suggest that defendant was not entitled to the entrapment defense if he was predisposed to commit, or had committed, other, uncharged crimes.

We are at a loss to understand how the inclusion of language emphasizing the two crimes for which defendant was indicted, as opposed to other, uncharged crimes, could overcome the prejudicial effect of the inclusion of the phrase, "although not criminals," which "could only leave the jury with the impression that the entrapment defense was only available to 'non-criminals'" (*People v Byrd, supra* at 350). A defendant's criminal record is only one factor to be considered by the jury in assessing his predisposition; an instruction that renders the entrapment defense unavailable to a defendant with a criminal record precludes the jury from considering any other factor (*id.* at 351). The identity of the particular crimes that the defendant may be predisposed to commit has no bearing on the issue.

The People contend that defendant cannot have been prejudiced by any error in the charge on entrapment because there is no reasonable possibility that the jury would have acquitted defendant on the basis of that defense. However, here, as in *Byrd*, a fair jury question was presented (*supra*, 155 AD2d at 351). Defendant met the informant in the Manhattan House of Detention, where he was housed after pleading guilty to charges relating to an incident in which he went to Ruben Azrak's office, pointed a gun at him and told him he had an hour to wire money to certain bank accounts. The informant, a fellow inmate who was being held on charges arising from a welfare fraud scheme, had an extensive criminal record and a history of providing information to the District Attorney's office and federal prosecutors in the hope of receiving sentence reductions. Their testimony conflicted as to whether or not the informant did anything to induce or encourage defendant. Other things being equal, resolution of the credibility issue in defendant's favor would have resulted in his acquittal.

However, the jury had been given the impression by the court's charge that the entrapment defense was not available to defendant. We cannot conclude that the error was harmless (*see People v Crimmins*, 36 NY2d 230). Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.