■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CUSAMANO, Appellant. [805 NYS2d 1]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered March 10, 2004, after a jury trial, convicting defendant of burglary in the third degree, robbery in the third degree, criminal possession of stolen property in the fifth degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

In February 1998, after being apprehended for shoplifting, defendant signed a trespass notice in which he acknowledged that he "was told never to return to" the store where the incident occurred, and that he had been released on the condition that he not return to the store. Accordingly, when defendant entered the store in July 2003, he did so unlawfully (*see People v Polite*, 302 AD2d 227 [2003], *lv denied* 99 NY2d 657 [2003]; *People v McCants*, 194 AD2d 301 [1993], *lv denied* 82 NY2d 722 [1993]).

The prosecution of defendant on the burglary count was not untimely. While the trespass notice was more than five years old, it had no expiration date and was lawful since it had a legitimate basis and did not inhibit or circumscribe defendant from engaging in constitutionally or statutorily protected conduct (*see People v Leonard*, 62 NY2d 404, 411 [1984]).

In light of the adequate pro se inquiry during pretrial proceedings, defendant's extensive familiarity with the criminal justice system and his prior experience representing himself, it is clear that defendant knowingly, competently and voluntarily waived his right to counsel, and further detailed inquiry by the trial court was not required. Defendant had the benefit of standby counsel throughout the proceedings and proceeded at his own peril, fully aware of the consequences of his chosen course (*see People v Providence*, 2 NY3d 579, 582 [2004]; *People v Marshall*, 249 AD2d 785, 786 [1998], *lv denied* 92 NY2d 927 [1998]).

The challenged comments of the trial assistant during summation, which were the subject of a curative instruction, did not constitute prosecutorial misconduct warranting reversal. The effect of the comments, if any, could not have been so substantial as to deny defendant his due process right to a fair trial (*cf. People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). There is no support for defendant's contention that the prosecutor suborned perjury.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.