# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

749
KA 09-00194
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEROME T. CISSON, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 19, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and three counts of criminal possession of a controlled substance in the seventh degree (§ 220.03). We reject defendant's contention that County Court erred in granting his request to proceed pro se. The request was unequivocal, and the court engaged in the requisite searching inquiry to ensure that defendant's waiver of the right to counsel was knowing, voluntary and intelligent (*see People v Herman*, 78 AD3d 1686, 1686-1687, *lv denied* 16 NY3d 831; *People v Clark*, 42 AD3d 957, 957-958, *lv denied* 9 NY3d 960). Indeed, we note that "[d]efendant's age, experience, education, prior exposure to the criminal justice system, firmness in his decision to represent himself, and performance in representing himself all indicate a knowing waiver" (*People v Edwards*, 140 AD2d 959, 960, *lv denied* 72 NY2d 915, 918, 1043, 1045). In addition, the record establishes that "[d]efendant had the benefit of standby counsel throughout the proceedings and proceeded at his own peril, fully aware of the consequences of his chosen course" (*People v Cusamano*, 22 AD3d 427, 428, *lv denied* 6 NY3d 775).

Defendant failed to preserve for our review his contentions that the court erred in admitting in evidence the expert testimony of an undercover narcotics officer and in failing to issue a limiting

instruction with respect to that testimony (*see* CPL 470.05 [2]; *People v Recore*, 56 AD3d 1233, 1234-1235, *lv denied* 12 NY3d 761), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that his conviction of criminal possession of a controlled substance in the third degree is not supported by legally sufficient evidence because the People failed to establish his intent to sell. Defendant also failed to preserve that contention for our review, inasmuch as he made only a general motion for a trial order of dismissal at the close of evidence (*see People v Salaam*, 46 AD3d 1130, 1131, *lv denied* 10 NY3d 816). Finally, the record does not support defendant's contention that he was denied his right to present a defense, and we conclude that the sentence is not unduly harsh or severe.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court