THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ANTHONY, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Thompson, J. P., Niehoff, Weinstein and Spatt, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ARROYO, Appellant.

Despite the fact that burglary in the second degree may be committed by either entering or remaining unlawfully on the premises (Penal Law § 140.25), the instant indictment charged that the defendant had "entered and remained unlawfully" (emphasis supplied). The trial court did not err, however, in instructing the jury that they could render a verdict of guilty upon either finding (see, People v Charles, 61 NY2d 321; People v Rooney, 57 NY2d 822). Nor did it abuse its discretion (see, People v Reising, 106 AD2d 522) in refusing to adjourn the imposition of sentence, since the information in the presentence report which the defendant sought to controvert had no effect on the sentencing decision. The sentence imposed does not warrant modification on appeal (see, People v Suitte, 90 AD2d 80). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.