■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARRY FELTON, Appellant.—Appeal by the defendant from

two judgments of the County Court, Suffolk County (Seidell, J.), both rendered April 29, 1987, convicting him of assault in the second degree under indictment No. 1193/86, and attempted robbery in the first degree under indictment No. 1219/86, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was indicted for two counts of attempted robbery in the first degree under indictment No. 1219/86, one of which alleged the use or threatened immediate use of a dangerous instrument, namely, a knife (see, Penal Law § 160.15 [3]). In connection with the same incident the defendant was separately charged with assault in the first degree under indictment No. 1193/86 in that he intentionally caused serious physical injury by means of a deadly weapon, namely, a knife (see, Penal Law § 120.10 [1]). The indictments were jointly tried. The trial court agreed to charge the jury as to the lesser included offense of assault in the second degree on the theory that the jury could find that the defendant intended to cause and did in fact cause physical injury and not serious physical injury (see, Penal Law § 120.05 [2]). However, over the defendant's objection, the court, tracking the language of the statutes, charged the jurors that they could find the defendant guilty of assault in the first or second degree if they found that the injury was caused by means of a deadly weapon "or a dangerous instrument". The jury found the defendant guilty of one count of attempted robbery in the first degree and assault in the second degree as a lesser included offense of assault in the first degree. On appeal the defendant contends that he was denied a fair trial when the trial court, by its charge, impermissibly amended the indictment. We disagree.

The defendant was provided with fair notice of the charges against him under indictment No. 1193/86 by virtue of the wording of the subdivision under which he was indicted which speaks of causing "injury * * * by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]), by that indictment's reference to the actual weapon used, and by virtue of the fact that the weapon involved was characterized as a dangerous instrument in indictment No. 1219/86 which was jointly tried with indictment No. 1193/86. Furthermore, the court's inclusion of the phrase "or a dangerous instrument" did not constitute an impermissible amendment of indictment No. 1193/86. The court merely tracked the language of the statute, and clearly did not change the prosecution's theory of the crime (see, CPL 200.70 [1]; *People v*

*Charles,* 61 NY2d 321; *People v Arroyo,* 124 AD2d 806, *lv denied* 69 NY2d 876). Finally, "there is no doubt that the crime charged by the trial court was the same criminal transaction for which the Grand Jury intended to indict the defendant" *(People v Spann,* 56 NY2d 469, 473-474). We also note that the defense proffered, self-defense, was not affected by the charge. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.