■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID LOPEZ, Appellant.—Appeal by the defendant from a
judgment of the Supreme Court, Queens County (Linakis, J.),
rendered June 26, 1987, convicting him of robbery in the third
degree and criminal possession of a weapon in the fourth
degree, upon a jury verdict, and imposing sentence

Ordered that the judgment is reversed, on the law, and a
new trial is ordered.

Viewing the evidence in the light most favorable to the
People *(see, People v Contes,* 60 NY2d 620), we find that it was
legally sufficient to establish the defendant's guilt beyond a
reasonable doubt *(see, People v Charles,* 61 NY2d 321; *People v
Spann,* 56 NY2d 469; *People v Felton,* 141 AD2d 839).

However, the defendant's fundamental right to be present
at all material stages of trial was breached when the trial
court responded in writing to a request for instruction from
the jury without the defendant being present and without
returning the jury to the courtroom *(see,* CPL 310.30; *People v
Mehmedi,* 69 NY2d 759; *People v Bailey,* 146 AD2d 788; *People
v Johnson,* 145 AD2d 932). Contrary to the People's conten-
tion, this right of the defendant to be present during instruc-
tions to the jury is "absolute and unequivocal" and cannot be
waived by defense counsel *(see, People v Mehmedi, supra,* at
759; *People v Watson,* 121 AD2d 487). Further, there is no
evidence that the defendant ratified his counsel's purported
waiver and thus the People's reliance on *People v Windley*
(134 AD2d 386) is inapposite.

The defendant's challenge to the prosecutor's comments in
summation is unpreserved for appellate review and is, in any
event, without merit. Thompson, J. P., Eiber, Sullivan and
Harwood, JJ., concur.