(April 12, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ERAZO, Appellant. [610 NYS2d 222] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered July 1, 1991, convicting defendant, upon his plea of guilty of criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to a term of 2 to 4 years, affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

In response to a radio run of an anonymous tip describing three Hispanic men at a specified location who were selling drugs, the police arrived and found defendant, one of the three men described. Based upon the radio call and their observations at the scene, the police had a common-law right to inquire when they asked defendant what was in his hand *(People v Bora,* 191 AD2d 384, 385, *lv granted* 81 NY2d 1070). The police inquiry was justified in its inception and was reasonably related in scope to the circumstances which rendered its initiation permissible *(People v Cantor,* 36 NY2d 106, 111). Because the officers did not display either their guns or nightsticks and defendant was free to ignore their question

and walk away, the intrusion was not coercive. Their question was investigative in nature since it was directly related to the information in the radio call. Defendant's motion to suppress was properly denied. Concur—Sullivan, Carro, Wallach and Tom, JJ.

Murphy, P. J., dissents and would modify the sentence to a term of probation in light of the fact that defendant has been in a rehabilitation program since the date of his sentence. *(See, People v Broadie,* 37 NY2d 100.)