■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BRYANT, Appellant. [741 NYS2d 854] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 22, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury properly considered the issues of credibility, including defendant's testimony, and there is no reason to disturb its determinations (*see, People v Gaimari*, 176 NY 84, 94).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation, and the challenged portions of the summation did not deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). In general, the remarks constituted fair comment on the evidence and reasonable inferences to be drawn therefrom, made in response to the defense summation, and there was no shifting of the burden of proof. Specifically, where credibility is at issue, it is entirely proper to make record-based arguments concerning witnesses' motives or lack of motives to give false testimony (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). In any event, the court prevented any prejudice by sustaining objections to the portions of the summation that could be viewed as inappropriate, and by providing suitable curative instructions both during the summation and during its main charge to the jury. Furthermore, defendant did not avail himself of the opportunity offered by the court to propose further instructions. Concur—Tom, J.P., Andrias, Rubin, Friedman and Marlow, JJ.