■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GONZALEZ, Appellant. [747 NYS2d 511] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered September 30, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERAFIN GONZALEZ, Appellant. [747 NYS2d 761] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered October 30, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The challenged portions of the prosecutor's summation were generally fair comment on the evidence as well as the reasonable inferences to be drawn therefrom, and were proper responses to the defense summation (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Since, in addition to claiming misidentification, defendant repeatedly attacked

the officers' credibility, it was entirely proper for the People to make record-based arguments, addressed to the jury's common sense, concerning motives or lack of motives to falsify (*see People v Bryant*, 294 AD2d 221). Contrary to defendant's assertions, the prosecutor made appropriate arguments concerning the credibility of defendant's testimony, and did not shift the burden of proof, denigrate defense counsel, or make an impermissible "safe streets" argument. In any event, were we to find any error, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt.

The various testimony about radio communications challenged by defendant on appeal was properly admitted. This testimony completed the narrative and provided relevant background information explaining the events leading to defendant's arrest (*People v Sarmiento*, 168 AD2d 328, *affd* 77 NY2d 976). Moreover, the People were entitled to establish that the undercover officer accurately described defendant's appearance (*see People v Huertas*, 75 NY2d 487), and the court's identification charge gave the jury suitable guidance on the evaluation of this evidence.

We perceive no basis for a reduction of sentence. Concur—Williams, P.J., Tom, Mazzarelli, Sullivan and Gonzalez, JJ.