THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILLIAMS, Appellant. [767 NYS2d 588]—

Judgment, Supreme Court, New York County (Michael Obus,

J.), rendered September 12, 2002, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and resisting arrest, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, 7 years and 1 year, with 5 years postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction for criminal possession of a weapon in the third degree and dismissing that count of the indictment, and otherwise affirmed.

In response to defense attacks on the credibility of the police witnesses, the prosecutor made proper arguments in support of their credibility and did not express any personal opinion (*see People v Bryant*, 294 AD2d 221 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant's remaining challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee, supra; People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that any portions of the summation could be viewed as improper, we conclude that the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The verdict convicting defendant of second-degree weapon possession was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The totality of the evidence, viewed in light of the presumption contained in Penal Law § 265.15 (4), established that defendant possessed a weapon with the requisite unlawful intent.

Since defendant's third-degree weapon possession conviction is based on the same possession of the identical weapon underlying his second-degree weapon possession conviction, we vacate the third-degree possession conviction in the interest of justice (*see People v Riddick*, 307 AD2d 821, 822 [2003]). Concur— Mazzarelli, J.P., Saxe, Williams, Lerner and Marlow, JJ.