■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZ SYLVAIN, Appellant. [821 NYS2d 588]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J., at suppression hearing; Jeffrey M. Atlas, J., at jury trial and sentence), rendered May 5, 2004, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant's present arguments, except for his attacks on the credibility of the police testimony, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. An officer saw defendant engage in an attempted exchange of "small objects" with another man. Based on his experience and training, the officer recognized this behavior as a possible drug transaction (*see People v Jones*, 90 NY2d 835 [1997]; *People v Schlaich*, 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]; *see also People v Valentine*, 17 NY2d 128, 132 [1966]). At the very least, the officer had a founded suspicion of criminality which justified his approach and entitled him to make a common-law inquiry (*see People v Church*, 217 AD2d 444, 445 [1995], *lv denied* 87 NY2d 920 [1996]; *People v Rivera*, 175 AD2d 78, 79 [1991], *lv denied* 78 NY2d 1129 [1991]), and the officer did not seize or detain defendant until after he observed drugs in his hand.

Defendant also argues that the court should have reopened the suppression hearing when the officer testified at trial that he did not see the drugs until he asked what was in defendant's hand, and defendant opened his hand revealing the drugs. Defendant did not preserve this claim and we decline to review it in the interest of justice. Were we to review this claim, we would reject it, along with defendant's claim that trial counsel provided ineffective assistance by failing to make such a request. Even under the facts elicited at trial, defendant would not be entitled to suppression. The legality of the seizure of the drugs did not turn on whether the officer's open-view observation occurred before or after he made an inquiry. As previously noted, the officer had a founded suspicion upon which to approach defendant. This entitled the officer to ask defendant what was in his hand (*see People v Erazo*, 203 AD2d 82 [1994]), which led defendant to reveal the drugs, creating probable cause for his arrest.

The isolated misstatement of fact contained in the People's summation was sufficiently addressed by the court's instruction that the jury's recollection controlled, and it did not deprive de-

fendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant's other claims of prosecutorial misconduct and his challenges to the court's conduct are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

Defendant is not entitled, pursuant to the ameliorative doctrine of *People v Behlog* (74 NY2d 237, 240 [1989]), to the benefit of the reduced penalties contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005], *lv granted* 6 NY3d 757 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker*, 81 NY2d 661, 666-667 [1993]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.