■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MEJIAS, Appellant. [881 NYS2d 78]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 10, 2008, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The arresting officer saw defendant and another man approach each other, look around as if to check if anyone was watching, engage in a transfer of a

small object, and immediately leave each other without any kind of social interaction. Based upon his experience and training, the officer recognized this behavior as a possible drug transaction (*see People v Jones*, 90 NY2d 835 [1997]). Accordingly, the officer had, at the very least, a founded suspicion of criminality which justified a common-law inquiry (*see People v Sylvain*, 33 AD3d 330, 331 [2006], *lv denied* 7 NY3d 904 [2006]), and we need not decide whether these observations provided an even higher level of suspicion. The officer did not seize or detain defendant until after the pistol that defendant was attempting to conceal came into plain view.

The court also properly denied defendant's motion to suppress his statement to an assistant district attorney, since the statement was sufficiently attenuated from the taint of an earlier statement made at the time of arrest, which was not preceded by *Miranda* warnings. The post-*Miranda* statement was made approximately 11 hours later, at a different location, and to a different interrogator (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.