■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LINDSEY, Appellant. [993 NYS2d 164]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 5, 2010, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that the court's "searching inquiry" accomplished "the goals of adequately warning [the] defendant of the risks inherent in proceeding pro se, and apprising [him] of the singular importance of the lawyer in the adversarial system of adjudication" (*People v Crampe*, 17 NY3d 469, 482 [2011] [internal quotation marks omitted]; *see People v Providence*, 2 NY3d 579, 583 [2004]; *People v Arroyo*, 98 NY2d 101, 104 [2002]). Thus, the defendant's "clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made," and the County Court did not err in allowing him to represent himself during the trial and sentencing (*People v Allison*, 69 AD3d 740, 741 [2010]; *see People v Crampe*, 17 NY3d 469 [2011]; *People v Providence*, 2 NY3d 579 [2004]; *People v Arroyo*, 98 NY2d 101 [2002]; *People v Rahman*, 85 AD3d 1062 [2011]).

Likewise, there is no merit to the defendant's contention that the court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). "The extent to which the prosecution should be allowed to . . . impeach the credibility of a defendant . . . is a matter that is generally left to the discretion of the trial court" (*People v Williams*, 56 NY2d 236, 237 [1982]; *see People v Murad*, 55 AD3d 754, 756 [2008]; *People v Carrasquillo*, 204 AD2d 735 [1994]). Here, the court's *Sandoval* compromise precluding the prosecutor from eliciting the underlying facts of the defendant's seven convictions, or even the nature of the crimes of which the

defendant was convicted, avoided any undue prejudice that could have resulted from the similarity between the prior convictions and the instant charge of robbery in the first degree (*see People v Murad*, 55 AD3d at 756; *People v Jamison*, 303 AD2d 603 [2003]; *People v Carrasquillo*, 204 AD2d at 735).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that he was unlawfully arrested without a warrant is unpreserved for appellate review, and, in any event, without merit (*see Payton v New York*, 445 US 573 [1980]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.