================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 65
The People &c.,
            Respondent,
        v.
Pernell A. Flanders,
            Appellant.


        John J. Raspante, for appellant.
        Steven G. Cox, for respondent.




MEMORANDUM:

        The order of the Appellate Division should be affirmed.

        Defendant was indicted on one count each of attempted

murder in the second degree (Penal Law §§ 110.00, 125.25 [1]),

assault in the first degree (Penal Law § 120.10 [1]), criminal

possession of a weapon in the second degree (Penal Law § 265.03

[1][b]) and reckless endangerment in the first degree (Penal Law

- 1 -

§ 120.25).  Following trial, he was convicted of all four counts.

There was evidence at trial that defendant shot the victim following an argument between the victim's fiancée and the mother of the victim's child, who is defendant's sister.  On the evening of the shooting, the victim saw defendant drive by his house slowly with his vehicle lights off and then pull over.  The victim approached defendant to inquire why he was there.  During the conversation, the other occupant of defendant's vehicle got out of the car and punched the victim in the head, which led to a fist fight.  Defendant approached the victim, pistol whipped him in the head and then shot him, first with a .380 caliber semi-automatic pistol and then with a .22 caliber rifle that defendant retrieved from his car.  The victim's fiancée was in the immediate vicinity at the time of the shooting.

Two counts of the indictment charged defendant with assault in the first degree and reckless endangerment in the first degree, alleging that he committed those acts by use of a .380 semi-automatic pistol and a .22 rifle.  The trial court's instruction to the jury on those counts tracked that conjunctive language.  During their deliberations, the jurors sent out a note asking, with regard to those counts, whether they must believe that both guns were involved and fired by the defendant.  In response to the question, the trial court instructed the jury that it "must be proven to your satisfaction beyond a reasonable

doubt, that either of the weapons were involved or both, as long as you find that there was a deadly weapon involved."

On this record, defendant's current contentions that the jury instruction and the evidence at trial rendered the indictment duplicitous lack merit. CPL 200.30 (1) requires that "each count of an indictment may charge one offense only." Thus, a count is duplicitous if it charges more than one offense. In People v Shack (86 NY2d 529, 540-541 [1985]), this Court held that "[w]hether multiple acts may be charged as a continuing crime is resolved by reference to the language in the penal statute to determine whether the statutory definition of the crime necessarily contemplates a single act." Under Penal Law § 120.10 (1), a person is guilty of assault in the first degree when "with intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." Thus, the prosecution was not required to prove that defendant used two weapons. Penal Law § 120.25 states that a person is guilty of reckless endangerment in the first degree when, "under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person." Again, the prosecution was not required to prove that defendant used both weapons.

People v Charles (61 NY2d 321 [1984]), relied upon by

the Appellate Division, is instructive here.  In <u>Charles</u>, the defendant was charged with receiving a bribe in the second degree.  The indictment charged that defendant solicited, agreed to accept *and* accepted a bribe.  The statute, however, defined receiving a bribe in the second degree as occurring when a public servant "solicits, accepts or agrees to accept any benefit from another person . . . "  The defendant contended that the prosecution was bound by the use of the conjunctive language and that the court's instruction using the language of the statute, rather than the language of the indictment, was error.  This Court rejected that argument, holding that "the use of the conjunctive 'and' rather than the disjunctive 'or' in the indictment charged more than the People were required to prove under the statute and did not bind the prosecution to prove all three acts" (<u>id</u>. at 327).  Here, as in <u>Charles</u>, the People were not required to prove that defendant used both weapons in order to prove that he was guilty of assault and reckless endangerment in the first degree, because the offenses "may be committed by doing any one of several things" (<u>id</u>., internal quotation marks omitted).

Furthermore, the evidence at trial did not render the charges duplicitous.  There was evidence that defendant attacked the victim out of one impulse - to seek revenge for the fiancée's alleged assault on defendant's sister.  We noted in <u>People v Alonzo</u> (16 NY3d 267, 270 [2011]) that, "as a general rule . . .

it may be said that where a defendant, in an uninterrupted course of conduct directed at a single victim, violates a single provision of the Penal Law, he commits but a single crime." Although defendant used two guns, this was a single incident (see e.g. People v Wells, 7 NY3d 51 [2006][a single count of attempted murder in the second degree was not duplicitous even where the evidence could not establish with certainty which of two potential victims was the defendant's intended victim]).

Thus, the counts of the indictment were not rendered duplicitous by the court's instructions or the evidence, and we reject defendant's contention that his counsel was ineffective for failing to seek dismissal of the attempted murder in the second degree, assault in the first degree and reckless endangerment in the first degree counts.

We have considered defendant's remaining argument and consider it to be without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Stein concur.  Judge Fahey took no part.

Decided May 5, 2015