■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEB MORROW, Appellant. [39 NYS3d 232]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered December 13, 2010, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant made an effective waiver of his right to counsel. Before proceeding pro se, a defendant must make a knowing, voluntary, and intelligent waiver of the right to counsel (see People v Crampe, 17 NY3d 469, 481 [2011]; People v Arroyo, 98 NY2d 101, 103 [2002]). The defendant's request to represent himself was unequivocal, and the court engaged in the requisite searching inquiry to ensure that his waiver of the right to counsel was knowing, voluntary, and intelligent (see People v Providence, 2 NY3d 579, 583 [2004]; People v Lindsey, 121 AD3d 715, 715 [2014]). The colloquy was sufficient to ensure that the defendant was aware of the drawbacks of self-representation (see People v Vivenzio, 62 NY2d 775, 776 [1984]; People v Guzman, 116 AD3d 790, 791 [2014]; People v Allison, 69 AD3d 740, 741 [2010]; cf. People v Crampe, 17 NY3d at 482). The defendant's age, experience, education, and prior exposure to the criminal justice system, along with his firmness in his decision to represent himself and his performance in representing himself, all indicate a knowing waiver (see People v Providence, 2 NY3d at 583-584; People v Harris, 292 AD2d 633, 634 [2002]; People v Miley, 154 AD2d 559, 559 [1989]). Finally, the defendant had the benefit of standby counsel throughout the proceedings and proceeded at his own peril, fully aware of the consequences of his chosen course (see People v Cusamano, 22 AD3d 427, 428 [2005]; People v Delaron, 184 AD2d 653, 654 [1992]).

The defendant was required to preserve his objection to the

court's procedure for consideration of prospective jurors' requests to be excused for hardship, made before the commencement of formal voir dire, as this is not a material stage of the trial proceedings and does not affect the organization of the court or the mode of proceedings prescribed by law (*see People v King*, 27 NY3d 147, 156 [2016]). The defendant failed to preserve this contention for appellate review, as he failed to object to the procedure prior to the discharge of the prospective jurors, and did not request that any inquiry be made of them (*see People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]). In any event, the court fully complied with Judiciary Law § 517 (c) in exercising its discretion to excuse prospective jurors based on claimed hardship (*see People v Toussaint*, 40 AD3d at 1018).

In his pro se supplemental brief, the defendant contends that he was deprived of the effective assistance of counsel because his first assigned counsel allegedly, without conducting an investigation, waived the defendant's right to appear before the grand jury despite being advised by the defendant that the defendant wanted to appear, and because his second assigned counsel failed to consult with him before filing a motion pursuant to CPL 190.50 containing "boiler plate" language. These contentions concern matter dehors the record which cannot be reviewed on direct appeal (*see People v Bruno*, 127 AD3d 986, 987 [2015]; *People v Walters*, 120 AD3d 1272, 1273 [2014]). Moreover, the defendant's claim, in effect, that the court deprived him of his constitutional right to counsel by denying his request to appoint a third, different, pro bono attorney as his standby counsel in place of his second assigned attorney who had been appointed as standby counsel, thus leaving the defendant with no choice but to represent himself, is without merit (*see People v Howell*, 207 AD2d 412, 413 [1994]).

The defendant's contention in his pro se supplemental brief that the People willfully failed to reduce witness statements to writing in order to circumvent their *Rosario* obligations (*see People v Rosario*, 9 NY2d 286 [1961]) is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Franklin*, 77 AD3d 676, 676 [2010]; *People v Helenese*, 75 AD3d 653, 655 [2010]). To the extent that this claim alleges a *Rosario* violation, it is unpreserved for appellate review, as the defendant never sought relief in connection with the alleged violation (*see People v Jacobs*, 71 AD3d 693, 693 [2010]; *People v Swinson*, 227 AD2d 508 [1996]), and is, in any event, without merit.

The defendant's contentions in his pro se supplemental brief regarding the prosecutor's summation remarks are unpreserved

for appellate review, as the defendant either failed to object to the remarks at issue, or made only a general objection, and failed to request further curative relief when the court sustained an objection (*see People v Guzman*, 138 AD3d 1140, 1140 [2016]; *People v Blue*, 136 AD3d 840 [2016]; *People v Barber*, 133 AD3d 868, 871 [2015]). In any event, the prosecutor's remarks regarding the credibility of the People's witnesses were responsive to the defendant's summation, in which he attacked the credibility of the police witnesses (*see People v Ferraro*, 49 AD3d 550, 551 [2008]; *People v Phillips*, 285 AD2d 477, 478 [2001]). The prosecutor expressed no personal opinion regarding the officers' veracity (*see People v Thomas*, 186 AD2d 602 [1992]; *see also People v Williams*, 1 AD3d 284, 285 [2003]). It was proper for the prosecutor to make record-based arguments, addressed to the jury's common sense, concerning motives or lack of motives to falsify (*see People v Gonzalez*, 298 AD2d 133, 133-134 [2002]; *People v Bryant*, 294 AD2d 221 [2002]). The prosecutor's remarks regarding the defendant's credibility were proper, since the issue of credibility was central to the trial (*see People v Banks*, 258 AD2d 525, 526 [1999]). Although the defendant claims that the prosecutor misstated the evidence on summation, the court's instructions to the jury that it was the jury's recollection of the evidence that controlled were sufficient to address any misstatements of evidence that may have been made by the prosecutor (*see People v Brown*, 139 AD3d 964, 966 [2016]; *People v Sylvain*, 33 AD3d 330, 331-332 [2006]). Finally, any error in the prosecutor's summation was harmless, given the overwhelming evidence of the defendant's guilt, and the absence of any significant probability that any such error might have contributed to the defendant's conviction (*see People v Brown*, 139 AD3d at 966).

The defendant's contention in his pro se supplemental brief that the People concealed the identity of certain witnesses and made those witnesses unavailable to him is without merit.

The defendant's remaining contentions in his pro se supplemental brief regarding alleged prosecutorial misconduct are unpreserved for appellate review and, in any event, without merit (*see People v Crimmins*, 36 NY2d 230, 242 [1975]). Chambers, J.P., Hall, Austin and Sgroi, JJ., concur.