People v Bynum (2019 NY Slip Op 03067)





People v Bynum


2019 NY Slip Op 03067


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2014-05887
 (Ind. No. 10458/12)

[*1]The People of the State of New York, respondent,
v
Gregory Bynum, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered April 29, 2014, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that his decision to waive his right to counsel and to proceed pro se was unequivocal, knowing, voluntary, and intelligent (see People v Silburn, 31 NY3d 144, 150; People v Crampe, 17 NY3d 469, 481; People v Morrow, 143 AD3d 919). The Supreme Court conducted the requisite "searching inquiry" (People v Silburn, 31 NY3d at 150) and "warned [the] defendant forcefully that he did not have the training or knowledge to defend himself, that others who had done so had been unsuccessful and that if he insisted upon appearing pro se he would be held to the same standards of procedure as would an attorney" (People v Vivenzio, 62 NY2d 775, 776; see People v Andrades, 4 NY3d 355, 359 n 2).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
" Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others'" (People v Charles, 61 NY2d 321, 327-328, quoting People v Nicholas, 35 AD2d 18, 20; see People v Flanders, 25 NY3d 997, 1000; People v [*2]Newell, 148 AD3d 1216, 1222). Therefore, where " the indictment charge[s] more than the People [are] required to prove under the statute,'" they are not required to prove that the defendant committed each of the charged acts (People v Flanders, 25 NY3d at 1000, quoting People v Charles, 61 NY2d at 327; see People v Arroyo, 124 AD2d 806). Accordingly, the fact that the indictment charged the defendant with committing burglary in the third degree by both unlawfully entering and remaining in the subject premises did not require the People to prove both sets of facts and, since they proceeded only on the theory of unlawful entry, the Supreme Court properly instructed the jury on that theory only.
The defendant's contentions that the prosecutor's summation remarks were improper are largely unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Wisdom, 164 AD3d 928, 930; People v Herrera, 161 AD3d 1006). In any event, it was proper for the prosecutor to make record-based arguments, addressed to the jury's common sense, concerning motives or lack of motives to falsify and regarding the defendant's credibility since the issue of credibility was central to the trial (see People v Morrow, 143 AD3d at 921; People v Bryant, 294 AD2d 221; People v Banks, 258 AD2d 525, 526). While the prosecutor made isolated comments which misstated the evidence, the Supreme Court's repeated instructions to the jury that it was their recollection of the evidence which controlled were sufficient to dispel any prejudice (see People v Williams, 29 NY3d 84, 89; People v Morrow, 143 AD3d at 921; People v Sylvain, 33 AD3d 330, 331-332).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court