People v Webb (2019 NY Slip Op 03633)





People v Webb


2019 NY Slip Op 03633


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-05422
 (Ind. No. 3167/14)

[*1]The People of the State of New York, respondent,
v
Yusef Webb, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Y. Carson Zhou of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered April 22, 2016, convicting him of criminal possession of a weapon in the third degree, criminal possession of a firearm, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his indictment was jurisdictionally defective with respect to the count of criminal possession of a weapon in the third degree (see Penal Law § 265.02[7]) because, while the indictment specified that the weapon in question was an assault rifle, it failed to also state that the rifle did not fall into one of the categories of excepted weapons set forth in Penal Law § 265.00(22)(g). The defendant's contention is without merit. "If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense" (People v Kohut, 30 NY2d 183, 187). Where, as here, the statute defining the defendant's crime contained no exception (see Penal Law § 265.02[7]), the indictment was not jurisdictionally defective for failing to include exceptions found outside the statute (see People v Kohut, 30 NY2d at 187; see generally People v D'Angelo, 98 NY2d 733, 735).
The defendant contends that he was deprived of a fair trial by the admission into evidence of a bulletproof vest found in his possession during the execution of a search warrant and police testimony about the execution of the search warrant, as well as the prosecutor's comments during summation about the search warrant. These contentions are unpreserved for appellate review, as the defendant failed to object to the admission of the evidence or the remarks at issue (see CPL 470.05). In any event, as "the offense of criminal possession of a weapon in the third degree . . . requires only that defendant's possession be knowing" (People v Ford, 66 NY2d 428, 440), admission of the bulletproof vest was both relevant and necessary in this case (see People v James, 262 AD2d 500, 501) given the " inherent linkage between a [bulletproof] vest and possession of a firearm'" (People v Carvey, 89 NY2d 707, 712, quoting People v Batista, 88 NY2d 650, 655). Additionally, any error in the admission of the search warrant evidence did not deprive the defendant [*2]of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 237, 242; People v Spigner, 153 AD3d 1289, 1290).
The defendant made an effective waiver of his right to counsel. Before proceeding pro se, a defendant must make a knowing, voluntary, and intelligent waiver of the right to counsel (see People v Arroyo, 98 NY2d 101, 103). Here, the defendant's request to represent himself was unequivocal, the Supreme Court engaged in the requisite searching inquiry to ensure that his waiver of the right to counsel was knowing, voluntary, and intelligent, and the colloquy was sufficient to ensure that the defendant was aware of the drawbacks of self-representation (see People v Vivenzio, 62 NY2d 775, 776; People v Morrow, 143 AD3d 919, 919). The defendant also had the benefit of standby counsel throughout the proceedings and proceeded at his own peril, fully aware of the consequences of his chosen course (see People v Morrow, 143 AD3d at 919).
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court